**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
*Tampa Division*
www.flmb.uscourts.gov

IN RE:                                                                    Chapter 11

SPEEDWAY AUTO SALES 27, LLC,          Case No.: 8:23-bk-05737-RCT

            Debtor.                /

## PLAN OF LIQUIDATION

**SPEEDWAY AUTO SALES 27, LLC** (the "Debtor") takes the position that this Plan of Liquidation (the "Plan") provides "adequate information" under 11 U.S.C. § 1125(f)(1) of the Bankruptcy Code. The Debtor does not intend to file a separate Disclosure Statement.

## BACKGROUND

### A. Description and History of the Debtor's Business

The Debtor is a used car dealership located on U.S. Highway 98 in Lakeland, Florida. The Debtor specializes in selling vehicles to undocumented immigrants. Historically, the Debtor has purchased the majority of its vehicles from Enterprise Vehicle Exchange, which has allowed the Debtor to sell high quality vehicles to its customers.

Post-petition, the Debtor has been unable to find lenders to finance its customers' purchases under satisfactory terms. As a result, the Debtor has no option but to liquidate its assets.

### B. Liquidation Analysis

An itemized analysis of the Debtor's assets is attached hereto as Exhibit "A" and incorporated herein by reference.

### C. Ability to Make Future Plan Payments and Operate Without Further Reorganization

The Plan will be funded through the liquidation of the Debtor's assets and the pursuant of various causes of action available to the Debtor.

## ARTICLE I

# SUMMARY

The Plan under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of the Debtor from the Debtor's current and future earnings.

This Plan provides for one (1) class of priority claims; six (6) classes of secured claims; two (2) classes of general unsecured claims; and one (1) class of equity security holders. Unsecured creditors holding allowed claims will receive a pro rata distribution of their allowed claim from funds generated by the liquidation of the Debtor's assets. This Plan also provides for the payment of administrative and priority claims under the terms to the extent permitted by the Code or by agreement between the Debtor and the claimant.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 Class 1. All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2)).

2.02 Class 2. The secured claim of U.S. Small Business Administration to the extent allowed under § 506 of the Code.

2.03 Class 3. The secured claim of Westlake Flooring Company, LLC to the extent allowed under § 506 of the Code.

2.04 Class 4. The secured claim of Lendbuzz Funding, LLC to the extent allowed under § 506 of the Code.

2.05 Class 5. The secured claim of FinBe, Inc. dba FinBe USA to the extent allowed under § 506 of the Code.

2.06 Class 6. The secured claim of Flex Plus, LLC to the extent allowed under § 506 of the Code.

2.07 Class 7. The secured claim of The LCF Group, Inc. to the extent allowed under § 506 of the Code.

2.08  <u>Class 8</u>.  All general unsecured Cclaims derived from the Debtor selling collateral without tendering payment to lenders which are allowed under § 502 of the Code.

2.09  <u>Class 9</u>.  All general unsecured claims which are not included in Class 8 and are allowed under § 502 of the Code.

2.10  <u>Class 10</u>.  Equity Security Holders of the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01  <u>Unclassified Claims</u>. Under section §1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

3.02  <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in *Article VII*) or on such other date as authorized under the Code, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. The Debtor estimates additional attorney, accounting, Sub-chapter V trustee administrative fees, and other miscellaneous administrative expense claims of approximately $350,000. Under no circumstance will the Debtor make payment on administrative fees absent Court order authorizing said fees.

3.03  <u>Priority Tax Claims</u>.  Each holder of a priority tax claim will be paid as allowed under 11 U.S.C. § 1129(a)(9) or as authorized agreed to by the Debtor and the claimant.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01  Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
| --- | --- | --- |
| Class 1 – Priority Claims | Impaired | This class includes all priority debt, including the $105,394.47 priority claim of the Florida Department of Revenue [Claim No. 8]. Any allowed priority claims will be paid in full |

| | | |
|---|---|---|
| | | within sixty months from the Petition Date, including pre and post-confirmation interest accruing at the statutory rate if applicable, in a lump sum payment thirty (30) days after the payment of all allowed administrative claims. |
| Class 2 – Secured Claim of the U.S. Small Business Administration | Impaired | The U.S. Small Business Administration filed a claim in the amount of $156,678.89 [Claim No. 2] of which $4,000 is secured by a blanket lien on the Debtor's personal property. Claimant's allowed secured claim of $4,000 will be paid in full on the Effective Date of the Plan. Any allowed general unsecured claim will be paid pursuant to Class 9. |
| Class 3 – Secured Claim of Westlake Flooring Company, LLC | Impaired | Westlake Flooring Company, LLC filed a claim in the amount of $1,062,799.34 [Claim No. 3] which is purportedly secured by a blanket lien on the Debtor's assets. The Debtor is in the process of liquidating claimant's collateral. Any net proceeds from the sale of the collateral will be tendered to claimant. Any collateral the Debtor is unable or unwilling to sell will be surrendered back to claimant on or before the Effective Date of the Plan. Any allowed general unsecured claim will be paid pursuant to Class 9. Claimant will retain its lien to the same validity and priority as existed pre-petition. |
| Class 4 – Secured Claim of Lendbuzz Funding, LLC | Impaired | Lendbuzz Funding, LLC filed a claim in the amount of $471,428.25 [Claim No. 5] secured by certain vehicles owned by the Debtor. Upon information and belief, the Debtor no longer has any of claimant's collateral |

4

| | | |
|---|---|---|
| | | in its possession. Any allowed general unsecured claim will be paid pursuant to Class 9. |
| Class 5 – Secured Claim of FinBe, Inc. dba FinBe USA | Impaired | FinBe, Inc dba FinBe USA filed a claim in the amount of $495,451.24 [Claim No. 6] secured by certain vehicles owned by the Debtor. Upon information and belief, the Debtor no longer has any of claimant's collateral in its possession. Any allowed general unsecured claim will be paid pursuant to Class 9. |
| Class 6 – Secured Claim of Flex Plus LLC | Impaired | Flex Plus, LLC held a scheduled claim in the amount of $93,644 secured by certain vehicles owned by the Debtor on the Petition Date. Upon information and belief, Claimant was paid in full post-petition. Any allowed general unsecured claim will be paid pursuant to Class 9. |
| Class 7 – Secured Claim of The LCF Group, Inc. | Impaired | The LCF Group, Inc. holds a scheduled claim in the amount of $280,000 secured by a blanket lien on the Debtor's assets. This claim is wholly unsecured pursuant to Doc. No. 139. Any allowed general unsecured claim will be paid pursuant to Class 9. |
| Class 8 – General Unsecured Claims derived from the Debtor selling collateral without tendering payment to lenders | Impaired | Claimants in this class hold pre-petition claims related to vehicles which: (1) the Debtor sold, (2) the Debtor was paid for, (3) and the Debtor failed to pay off the secured claims of the respective floor-plan lender. These claims will be paid a pro rata share of any funds that remain after payment in full of all allowed administrative, priority, and secured claims. |
| Class 9 – All General Unsecured Claims not | Impaired | Claimants will be paid their pro rata share of any funds that remain after |

| | | |
|---|---|---|
| included in Class 8 | | payment in full of all allowed administrative, priority, secured claims, and Class 8 claims. Distributions will be made on the thirtieth day following the final payment made to administrative, priority, and secured claimants. |
| Class 10 – Equity Security Holders of the Debtor | Impaired | Equity will retain ownership in the Debtor post-confirmation. No distributions will be made to equity until such time as all allowed claims in Class 9 have been paid in full. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02   Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03   Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.04   Objection to Claims.   Entry of the confirmation of the Plan does **not** bar the Debtor from objecting to a proof of claim that has been filed or deemed filed.   The Debtor will have thirty (30) days from the entry of the Confirmation Order to file any objections to claims.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   Assumed Executory Contracts and Unexpired Leases.

    (a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

None.

    (b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above or otherwise treated through the Plan, or before the date of the order confirming this Plan unless plead otherwise through specific motion.   A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after either the date of the order confirming this Plan or the date upon which an order entered by this Court terminated said lease or contract, whichever date occurs earliest.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

Suyapa Duran and Carlos Duran will manage the Debtor post-confirmation. The Plan will be funded by the liquidation of the Debtor's assets and the funds the Debtor recovers from various causes of action.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: None.

8.02    Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.   The Debtor will file a notice with the Court upon the occurrence of the effective date of the Plan.

8.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability

and operative effect of any other provision of this Plan.

8.04   <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

8.05   <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06   <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07   <u>Corporate Governance</u>.   The Debtor requests that the Court relieve it of the requirement of § 1123(a)(6) under the circumstances of this case, given that the Debtor is a closely held family business.

8.08   <u>Administration of Plan</u>.

a.   <u>Consensual Plan</u>. In the event that confirmation of the Plan is consensual (i.e. all impaired classes have voted to accept the Plan, the Debtor will be responsible for the administration of payments under the Plan. The Subchapter V trustee shall be discharged from her duty on the Effective Date of the Plan.

b.   <u>Non-consensual Plan</u>. In the event that all impaired classes fail to vote to accept the Plan, the Debtor will tender all payments for non-accepting impaired classes directly, unless a class objects to the Debtor making said payment. The Debtor will tender payments directly to all impaired classes. The Subchapter V trustee shall continue to monitor the Debtor's affairs until all payments due under the Plan have been tendered, at which the trustee will be discharged from her duties. Debtor will be responsible for payment of any reasonable administrative expense claims resulting from the Subchapter V trustee's continual monitoring of the case post-confirmation. The Debtor will file quarterly reports until it has completed all payments under the Plan.

c.   <u>Post Confirmation Operating Reports and Tax Returns</u>. The Debtor shall be responsible for drafting and filing all required post confirmation operating reports and tax returns.

# **ARTICLE IX**

## DISCHARGE

9.01 <u>Consensual Plan</u>. If the Plan is confirmed under § 1191(a), on the Effective Date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

9.02 <u>Non-consensual Plan</u>. If the Plan is confirmed under § 1191(b), the Debtor shall receive its discharge once all payments due under the Plan have been made, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

## ARTICLE X
## OTHER PROVISIONS

10.1 <u>Retention of Jurisdiction</u>. Until the case is closed the Court shall retain jurisdiction to insure that the purpose and intent of the Plan are carried out. The Court shall retain jurisdiction to hear and determine the following:

    a. The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting and the determination of such objections as may be filed against creditor's claims;

    b.    The determination of all questions and disputes regarding title to the assets of the estate and the determination of all causes of action, controversies, disputes or conflicts whether or not subject to action pending as of the date of confirmation between the Debtor and any other party included but not limited to any rights of parties in interest to recover assets pursuant to the provisions of Title 11 of the United States Code;

    c.    The correction of any defect, the curing of any omission or the reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan;

    d.    The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code;

    e.    The enforcement and interpretation of the terms and conditions of this Plan;

    f.    The entry of an Order including injunctions necessary to enforce the title rights and powers of parties in interest and to impose such limitations, restrictions, terms and conditions of such title rights and powers as this Court may deem necessary; and

    g.    The entry of an order concluding and terminating this case.

**DATED** this 20th day of June 2024.

        SPEEDWAY AUTO SALES 27, LLC,


        /s/ Suyapa Duran
        Suyapa Duran, Manager

**RESPECTFULLY SUBMITTED** this 21st day of June 2024.

        BUDDY D. FORD, P.A.,

        /s/ Jonathan A. Semach
        Buddy D. Ford, Esquire (FBN: 0654711)
        Email: Buddy@tampaesq.com
        Jonathan A. Semach, Esquire (FBN: 0060071)
        Email: Jonathan@tampaesq.com
        Heather M. Reel, Esquire (FBN: 0100357)
        Email: Heather@tampaesq.com
        9301 West Hillsborough Avenue
        Tampa, Florida 33615-3008
        Telephone: (813) 877-4669
        Office Email: All@tampaesq.com
        Attorney for Debtor

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of June 2024, true and correct copy of the foregoing has been furnished by electronic mail upon all currently registered users in this case by the Court's CM/ECF, and by regular U.S. Mail to:

ACAR Leasing Ltd. d/b/a GM Financial Leasing, P O Box 183853, Arlington, TX 76096;
Larry S. Hyman, 106 S. Tampania Ave., Suite 200, Tampa, FL 33609
Joseph S. Maniscalco, LaMonica Herbst & Maniscalco, LLP, 3305 Jerusalem Avenue, Suite 201, Wantagh, NY 11793;
Speedway Auto Sales 27, LLC, 3225 US Highway 98 South, Lakeland, FL 33803; and
Local Rule 1007-2 Parties-in-Interest

        /s/ Jonathan A. Semach
        Jonathan A. Semach, Esquire (FBN: 0060071)
        Email: Jonathan@tampaesq.com