ORDERED.

Dated:  September 03, 2024

_____
Roberta A. Colton
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
*Tampa Division*
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | Chapter 11 |
| SPEEDWAY AUTO SALES 27, LLC, | Case No.: 8:23-bk-05737-RCT |
| Debtor.                                        / | |

## ORDER CONFIRMING DEBTOR'S
## PLAN OF LIQUIDATION PURSUANT TO 11 U.S.C. § 1191(b)

**THIS CASE** came on for hearing on August 8, 2024, at 11:30 a.m., to consider confirmation of the Plan of Liquidation [Doc. No. 227] (the "**Plan**") proposed by Speedway Auto Sales 27, LLC (the "**Debtor**").

Changes made on the record in open court: During the hearing, the parties informed the Court that the parties had reached various agreements to resolve their disputes regarding confirmation issues, namely:

A. Plan amendments made on the record in open court:

The Subchapter V trustee shall be responsible for administering all payments under the Plan. The Subchapter V trustee shall continue to monitor the Debtor's affairs until all payments due under the Plan have been made. The Debtor will be responsible for payment of any reasonable administrative expense claims resulting from the Subchapter V trustee's continual administration and monitoring of the case post-confirmation.

    B.    <u>Withdrawal of objections/changes of votes made orally on the record in open court</u>:

None.

After considering (a) the Joint Stipulation Between the Debtor, Suyapa Duran, Level 1 Dealer Services, Inc., and Carlos Duran [Doc. No. 262] (b) the evidence proffered and the arguments of counsel and claimants; and (c) the entire record in this Chapter 11 case, and for reasons stated orally and recorded in open court that shall constitute the decision of the Court, the Court has concluded that the Plan should be confirmed. Accordingly, it is

**ORDERED:**

1. <u>Jurisdiction, Venue, Core Proceedings</u>. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto. The Debtor is an eligible debtor under 11 U.S.C. § 109.[1] Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. <u>Deadline/Solicitation Order</u>. On July 9, 2024, the Court entered its Order Scheduling (I) Hearing on Confirmation of Plan of Reorganization, (II) Deadlines with Respect to Confirmation Hearing, and (III) Deadline for Filing Applications for Administrative Expenses [Doc. No. 240] (the "**Solicitation Approval Order**").

3. <u>Confirmation of Plan</u>. The Plan is **CONFIRMED** pursuant to 11 U.S.C. §§ 1129 and 1191(b).

4. <u>Transmittal of Solicitation Packages</u>. Copies of the Plan, the Solicitation Approval Order, the modified Solicitation Approval Order, and a ballot (together, the "**Plan Solicitation Package**") were served on all creditors entitled to vote on the Plan. The Court finds that (a) timely and proper notice of the confirmation hearing, the time fixed for filing objections to confirmation, and the time for submitting ballots on the Plan was provided to all creditors and all parties in interest; (b) such notice was adequate and sufficient to notify all creditors and all parties in interest of the confirmation hearing and the objection and voting deadlines as to the Plan; and (c) such notice complied in all respects with the procedural orders of this Court, the Bankruptcy Code, the Federal

---

[1] Subsequent cites to title 11 of the United States Code may sometimes be to "the Bankruptcy Code."

      Rules of Bankruptcy Procedure and otherwise satisfied the requirements of due process.

5. <u>Ballot Tabulation</u>. The Debtor filed a Ballot Tabulation [Doc. No. 260] which reflected the acceptance of at least one impaired class.

6. <u>Compliance with the Requirements of 11 U.S.C. § 1129</u>.

    a. <u>Compliance with 11 U.S.C. § 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, in particular:

        i. <u>Proper Classification</u>. The Plan sets out separately numbered classes of impaired claims and interests. The claims and interests within each class are substantially similar to the other claims and interests, as the case may be, in the class. Valid business, factual, and legal reasons exist for separately classifying various classes of claims and interests created under the Plan and such classifications do not unfairly discriminate between the holders of claims and interests. Therefore, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

        ii. <u>Specified Unimpaired Classes</u>. The Plan properly designates unimpaired classes as unimpaired. Therefore, the Plan satisfies 11 U.S.C. § 1123(a)(2).

        iii. <u>Specified Treatment of Impaired Classes</u>. The Plan designates which classes are as impaired within the meaning of 11 U.S.C. § 1124. The Plan states the specific treatment of each class of impaired claimants or interests. Therefore, the Plan satisfies 11 U.S.C. § 1123(a)(3).

        iv. <u>No Discrimination within Classes</u>. The Plan provides for the same treatment of each claim within each particular class of claims or interests. Therefore, the Plan satisfies 11 U.S.C. § 1123(a)(4).

        v. <u>Implementation</u>. The Plan provides adequate means for the Plan's implementation. Therefore, the Plan satisfies 11 U.S.C. § 1123(a)(5).

        vi. <u>Corporate charter amendments</u>. The Court relieves the Debtor of the requirement under 11 U.S.C. § 1123(a)(6)

       under the circumstances of this case, given that the Debtor is a closely held family business.

    vii.    <u>Impairment/Unimpairment of Classes of Claims and Interests</u>. The Plan designates certain classes as impaired, as permitted by 11 U.S.C. § 1123(b)(1).

    viii.    <u>Assumption or Rejection of Leases and Executory Contracts</u>. The Plan provides for the assumption and rejection of leases and executory contracts, subject to 11 U.S.C. § 365, as permitted by 11 U.S.C. § 1123(b)(2).

    ix.    <u>Modification of the Rights of Holders of Secured Claims</u>. The Plan modifies the rights of holders of secured debt as permitted by 11 U.S.C. § 1123(b)(5).

    x.    <u>Cure of Defaults</u>. The Plan provides for the assumption of unexpired leases and executory contracts pursuant to an order of the Court, thereby satisfying 11 U.S.C. § 1123(d).

b.    <u>Compliance with 11 U.S.C. § 1129(a)(2)</u>. The Debtor, as the Plan proponent, has complied with the applicable provisions of the Bankruptcy Code. Specifically:

    i.    The Debtor is an eligible debtor under 11 U.S.C. § 109.

    ii.    The Debtor has complied with the applicable provisions of the Bankruptcy Code, unless such compliance was excused by order of this Court.

    iii.    The Debtor has complied with 11 U.S.C. § 1126, the Federal Rules of Bankruptcy Procedures, the Court's Local Rules, and the Solicitation Approval Order in transmitting the Solicitation Package and in soliciting and tabulating the vote.

c.    <u>Compliance with 11 U.S.C. § 1129(a)(3)</u>. The Plan has been proposed in good faith and not by any means forbidden by law. The good faith is evident from the record in this case, the facts as adduced or proffered at the confirmation hearing and other hearings during the course of this bankruptcy case, and the information contained in the Plan. The Plan was proposed with the honest and legitimate purpose of maximizing the value of the Debtor's estate and the payments to creditors. The Plan was

       developed in good faith on the part of the Debtor and in good faith negotiations with various creditors. Therefore, 11 U.S.C. § 1129(a)(3) is met.

d. <u>Compliance with 11 U.S.C. § 1129(a)(4)</u>. Applications for fees and expenses of professionals were filed and have been approved by this Court or will be filed and are subject to approval by this Court. Separate orders will be entered thereon. Therefore, 11 U.S.C. § 1129(a)(4) is met.

e. <u>Compliance with 11 U.S.C. § 1129(a)(5)</u>. The proponent of the Plan has disclosed the identity of the post-confirmation management as well as employment of insiders. Therefore, 11 U.S.C. § 1129(a)(5) is met.

f. <u>Compliance with 11 U.S.C. § 1129(a)(7)</u>. As to impaired classes of claims, each holder of a claim or interest of such class has accepted the Plan or will receive or retain property of a value that is not less than it would receive or retain if the Debtor was liquidated under Chapter 7. Therefore, 11 U.S.C. § 1129(a)(7) is met.

g. <u>Compliance with 11 U.S.C. § 1129(a)(8)</u>. Every class of creditors that is impaired under the Plan did not vote to accept the Plan. Therefore, 11 U.S.C. § 1129(a)(8) is <u>not</u> met.

h. <u>Compliance with 11 U.S.C. § 1129(a)(9)</u>. Priority tax claims will be paid in accordance with 11 U.S.C. § 1129(a)(9)(C)(ii). The treatment of these and other allowed administrative expense claims meets the requirements of 11 U.S.C. § 1129(a)(9).

i. <u>Compliance with 11 U.S.C. § 1129(a)(10)</u>. All impaired, non-insider classes did not vote to accept the Plan. Therefore, 11 U.S.C. § 1129(a)(10) is <u>not</u> met.

j. <u>Compliance with 11 U.S.C. § 1129(a)(11)</u>. Based upon the information contained in the Plan and uncontroverted evidence proffered at the Confirmation Hearing that is both persuasive and credible, the Plan is feasible and not likely to be followed by liquidation or further financial reorganization. Therefore, 11 U.S.C. § 1129(a)(11) is met.

k. <u>Compliance with 11 U.S.C. § 1129(a)(12)</u>. Section 1129(a)(12) is inapplicable in this case.

    l.    <u>Compliance with 11 U.S.C. § 1191(b)</u>. The Court finds that the Plan does not discriminate unfairly and is fair and equitable as to non-accepting impaired classes. To wit:

        i.    Class 1 claimants are being paid pursuant to 11 U.S.C. § 1129(a)(9)(c).

        ii.    The Class 2 claimant is retaining its lien and being paid its allowed secured claim in full on the Effective Date of the Plan. Therefore 11 U.S.C. § 1129(b)(2)(A) is satisfied.

        iii.    The Class 3 claimant is retaining its lien and either receiving payment from the sale of its collateral or the return of its collateral directly. Therefore 11 U.S.C. § 1129(b)(2)(A) is satisfied.

        iv.    There are no claims in Classes 5 and 6 as the respective claimants have already taken possession of their collateral.

    m.    <u>Principal Purpose of the Plan</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933. No governmental entity has filed an objection to the Plan on these grounds. Therefore, 11 U.S.C. § 1129(d) is satisfied.

7.    <u>Executory Contracts</u>. The Plan's assumption and assignment of any identified unexpired leases and executory contracts pursuant to 11 U.S.C. §§ 365 and 1123(b) is approved. The rejection of all or other executory contracts and unexpired leases is approved.

8.    <u>Implementation</u>. The Debtor is authorized to execute, deliver, file, or record any documents, contracts, instruments, and other agreements and take all other actions as may be necessary to implement and effectuate the Plan.

9.    <u>Binding Effect</u>. Upon entry of this order and subject to the occurrence of the Plan's effective date, the provisions of the Plan shall bind the Debtor, all holders of claims (irrespective of whether the claims are impaired under the Plan or whether the claimants have accepted the Plan), any and all non-debtor parties to executory contracts and unexpired leases with the Debtor, any party in interest in the bankruptcy case, and the

heirs, administrators, executors, successors or assigns, if any, or any of them.

10. <u>Liens survive</u>. Except for liens and security interests avoided by separate order, the liens and security interests of creditors whose claims are secured by an interest in property of the Debtor will continue, for so long as the Debtor is obligated to the holder of the lien or security interest as a secured claimant.

11. <u>Discharge</u>. Since the Plan was confirmed pursuant to 11 U.S.C. § 1191(b), the Debtor shall not receive its discharge until it has completed all payments due under the Plan.

12. <u>Administration of the Plan</u>. The Subchapter V trustee shall be responsible for administering all payments under the Plan. The Subchapter V trustee shall continue to monitor the Debtor's affairs until all payments due under the Plan have been made. The Debtor will be responsible for payment of any reasonable administrative expense claims resulting from the Subchapter V trustee's continual administration and monitoring of the case post-confirmation. The Debtor shall be required to file quarterly reports post-confirmation until such time as the Debtor completes all payments under the Plan.

13. <u>Compensation and expense reimbursement applications</u>. Debtor's counsel and other professionals retained by the Debtor shall file their final applications for allowance of compensation and costs through the date of confirmation within thirty (30) days of the date of this order.

14. <u>Retained jurisdiction</u>. Pursuant to the Plan and 11 U.S.C. §§ 105 and 1142, this Court retains jurisdiction subsequent to the entry of this order to enter orders necessary to facilitate the implementation of the Plan and to ensure that the purposes and intent of the Plan are carried out.

15. <u>Exemption from Taxes</u>. Pursuant to 11 U.S.C. § 1146, any sale or transfer of assets or delivery of any instruments contemplated under the Plan shall not be taxed under any law imposing a stamp tax or similar tax.

16. <u>Notice of Effective Date</u>. The Debtor shall file a notice with the Court within seven days from the occurrence of the Effective Date of the Plan.

17. <u>Spreadsheet Detailing Payments</u>. Fourteen (14) days after the payment of all administrative and priority claims, if funds remain for distribution, the Debtor will file a spreadsheet with the Court detailing

      the proposed distributions to the Class 8 and 9 claimants. Class 8 and 9 claimants shall have fourteen (14) days from the filing of the spreadsheet to object to the proposed distributions, otherwise said distributions will become final.

18. <u>Motion for Cram-Down</u>. The Motion to Confirm Plan of Liquidation Pursuant to 11 U.S.C. § 1191(b) [Doc. No. 261] is granted. No further order shall be issued by the Court.

19. <u>Motion to Use Cash Collateral</u>. The Motion for Authority to Use Cash Collateral Retroactive to the Petition Date and Providing Adequate Protection [Doc. No. 30] is denied as moot. No further order shall be issued by the Court.

20. <u>Surrender of Vehicle Collateral</u>. Secured Creditor Westlake Flooring Company, LLC ("Westlake"), shall be entitled to immediate possession of the 31 vehicles that serve as collateral immediately upon entry of this Order. In accordance with the Plan of Liquidation, Debtor shall cooperate with Westlake in the surrender and turnover of the 31 vehicles by coordinating the time and location of the surrender to be completed no later than 14 days of the entry of this Order and providing all keys, equipment and parts belonging to the vehicles to Westlake at the time of surrender.

21. <u>Status Conference</u>. A status conference will be held in Courtroom 8A, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, FL 33602 on **September 26, 2024, at 9:30 a.m.**, before the Honorable Roberta C. Colton, United States Bankruptcy Judge. Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("**Zoom**"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance, no later than 3:00 p.m. one business day before the date of the hearing. To register manually enter the following web address into a browser:

    https://www.zoomgov.com/meeting/register/vJItcOGopjMpG2gRKynipk6SXFBnivGTDA#/registration.

    All participants, whether attending in person or remotely, must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This

includes appropriate courtroom attire for those participants appearing in person or by video.

Attorney for Debtor, Buddy D. Ford, Esquire, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a Proof of service within three (3) days of entry of the order.